**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| KIM A. McINTIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:10-CV-508 |
| | ) | |
| KEYSTONE RV COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Keystone RV Company, on April 25, 2011. For the reasons set forth below, the motion is **DENIED**.

### BACKGROUND

The following facts are based on the allegations of the complaint, which this Court accepts as true at this stage in the litigation. Plaintiff, Kim A. McIntire ("McIntire"), was hired by Defendant, Keystone RV Company ("Keystone RV"), on or about May 1, 2006. (Complaint ¶ 6.) At some point during McIntire's employment, Keystone RV began replacing non-Amish workers with Amish ones. (Charge of Discrimination, Ex. A to Plaintiff's Complaint.)

On or about October 29, 2009, McIntire was terminated from his employment with Keystone RV for an alleged safety violation. (Complaint at ¶ 7; Charge of Discrimination, Ex. A to Plaintiff's Complaint.) The individual who decided on behalf of Keystone RV to fire McIntire was Amish. (Complaint at ¶ 11.) Keystone RV then replaced McIntire with an

Amish worker whom the company had interviewed prior to McIntire being fired. (*Id*. at ¶ 12; Charge of Discrimination, Ex. A to Plaintiff's Complaint.)

Based on the foregoing, McIntire filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for race and religious discrimination alleging Keystone RV had fired him because he was not Amish. (Charge of Discrimination, Ex. A to Plaintiff's Complaint.) The EEOC issued a Dismissal and Notice of Rights indicating that it was unable to conclude whether Keystone RV had violated Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dismissal and Notice of Rights, Ex. B to Plaintiff's Complaint.)

McIntire subsequently filed his complaint with this Court alleging Keystone RV fired him because he was not Amish, thereby violating his rights under Title VII not to be discriminated against on account of his race or religion. (Compl. at ¶ 15, Compl. Ex. A)

In the Motion to Dismiss, Keystone RV asserts that being "non-Amish" is not a category protected by Title VII. Therefore, Keystone RV contends that McIntire's complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for adjudication.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" showing that the pleader is

entitled to relief.

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Title VII

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*, provides that "[i]t shall be an unlawful employment practice for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ." 42 U.S.C. § 2000e-2(a)(1). It is beyond dispute that the Amish are considered to be a religious group. *U.S. v. Lee*, 455 U.S. 252, 257 (1982); *Wisconsin v. Yoder*, 406 U.S. 205, 216 (1972).

A plaintiff may use indirect proof to establish a prima facie case of discrimination under Title VII by showing: "(1) she is a member of a protected class; (2) she is qualified for the position; (3) she was rejected for the position; and (4) the position was given to someone

outside the protected class who was similarly or less qualified than she." *Hobbs v. City of Chicago*, 573 F.3d 454, 460 (7th Cir. 2009); *see also McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817, 1824 (1973).

However, when a plaintiff claims he was discriminated against because he did not hold the same religious beliefs as his employer, the Seventh Circuit has adopted a more flexible approach articulated by the Tenth Circuit in *Shapolia v. Los Alamos Nat'l Laboratory*, 992 F.2d 1033 (10th Cir. 1993). *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1169-70 (7th Cir. 1998) (rejecting the use of the traditional *McDonnell Douglas* test in favor of the approach used in *Shapolia* ); *Venters v. City of Delphi*, 123 F.3d 956, 972 (7th Cir. 1997) (endorsing the approach used in *Shapolia* in cases where employees allege they were fired for not sharing or following their employer's religious beliefs); *EEOC v. Preferred Management Corp.*, 226 F. Supp. 2d 957, 968 (S.D. Ind. 2002) (finding no reason to alter conclusion that *Venters* and *Sattar* provide a cause of action for employment discrimination under Title VII based on employee's failure to hold the same religious beliefs as employer).

Under *Shapolia*, a plaintiff states a prima facie case of religious discrimination by showing:

> (1) that he was subjected to some adverse employment action; (2) that, at the time the employment action was taken, the employee's job performance was satisfactory; and (3) some additional evidence to support the inference that the employment actions were taken because of a discriminatory motive based upon the employee's failure to hold or follow his employer's religious beliefs.

*Shapolia*, 992 F.2d at 1038 (10th Cir. 1993). The *Shapolia* court expressly stated that "[w]here discrimination is not targeted against a particular religion, but against those who do not share a particular religious belief, the use of the protected class factor is inappropriate." *Id*.

In light of the incorporation of *Shapolia* into Seventh Circuit precedent, an employee can state a valid claim for religious discrimination under Title VII "if, while declining to specify his religious beliefs, he attests that they differ from his employer's and that that is why he was fired." *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931, 934 (7th Cir. 2003) (citing *Venters*, 123 F.3d at 972 and *Shapolia*, 992 F.2d at 1037).

In support of its Motion, Keystone RV relies on *Young v. Digger Specialties, Inc.*, No. 3:09cv136, 2010 WL 3940455, at *6 (N.D. Ind. Oct. 5, 2010) for the proposition that being "non-Amish" is not a protected race or religion under Title VII. Aside from not being binding on this Court, Keystone RV's reliance on *Young* is misplaced. The court in *Young* was correct to point out that being "non-Amish" is not a protected class under traditional Title VII analysis. *Young*, 2010 WL 3940455 at *6 (N.D. Ind. Oct. 5, 2010). However, the court in *Young* failed to recognize that in situations where an employee alleges he was fired by his employer because he did not hold the same religious beliefs as his employer, the protected class factor is no longer applicable. *See Reed*, 330 F.3d at 934 (7th Cir. 2003); *Sattar*, 138 F.3d at 1169-70 (7th Cir. 1998); *Venters*, 123 F.3d at 972 (7th Cir. 1997); *Shapolia*, 992 F.2d at 1038 (10th Cir. 1993).

Keystone RV's sole contention is that "being 'non-Amish' is not a category protected by Title VII." (DE 9 at 1). An allegation that an employee was terminated because his religious views differ from his employers is sufficient to state a claim for religious discrimination under Title VII. Under the framework of *Shapolia*, McIntire's claim cannot be dismissed merely because the claim is based on an allegation

that Keystone RV discriminated against McIntire for being non-Amish. Accordingly, Keystone RV's motion lacks merit.

**CONCLUSION**

For the reasons set forth above, Keystone RV's Motion to Dismiss is **DENIED**.

**DATED: November 09, 2011**       **/s/RUDY LOZANO, Judge**
                                  **United States District Court**